THE ORDINARY OF THE STATE OF NEW JERSEY v. LYDIA H. BARNES ET AL.

Argued November 6, 1901—Decided January 7, 1902.

In declaring on a bond, with condition, it is not permissible to include in one assignment several distinct breaches of such condition. The remedy against such a defect is not by general demurrer, but by motion to strike out the assignment.

On demurrer to declaration.

The plaintiff declared on an administration bond having the condition prescribed by section 46 of the revised Orphans' Court act (*Pamph. L., p.* 715) and assigned as breach that the administratrix did not administer all the goods, chattels, and credits of the decedent that had come to her possession or knowledge; that she did not within three months make and exhibit an inventory of such goods, chattels and credits; that she did not within twelve months make or cause to be made an account of her administration and that she did not deliver to the persons entitled thereto the residue of such goods, chattels and credits that should or might have been found remaining upon an account of such administration. To this declaration the defendants interposed a general demurrer.

Before DEPUE, CHIEF JUSTICE, and Justices DIXON, GARRISON, GUMMERE and COLLINS.

For the demurrants, *Clarence H. Murphy.*

*Contra, Henry J. Melosh.*

The opinion of the court was delivered by

COLLINS, J. At common law a plaintiff did not, in his declaration or count, need to state the condition of a bond sued on, but if he did state it, he had to assign its breach and he could not in the same count assign more than one breach. To have done so would have made the count bad for duplicity. 1 *Chit. Pl.* *226, *336. The provision of section 125 of our Practice act, compelling the statement, in the declaration of the condition and the assignment of breaches thereof inferentially permits such assignment *ad libitum,* but good pleading requires that each breach should be separately assigned. In the declaration before us the breaches are blended in a single assignment which, therefore, on a motion to strike out, could not stand. But as against a general demurrer addressed to the whole declaration it may, for one breach at least is well assigned. The objection of duplicity was at common law, or under very early legislation, available only by special de-

murrer (1 *Chit. Pl.* \*228, \*663), now supplanted by motion to strike out. *Practice act,* §§ 132, 139. If a defendant does not procure the striking out of a defective or irregular assignment, he must plead separately to the breaches substantially assigned; for it is a general rule that if a party submits to a pleading, bad for duplicity, he must answer each distinct material matter therein. 1 *Chit. Pl.* \*228.

In *Ordinary* v. *Hopler,* 20 *N. J. L. J.* 17, a general demurrer to an assignment assumed to be not single was for that reason sustained, but the point now taken was not presented or observed.

The demurrer is overruled.